NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2019 VT 72

No. 2018-366

In re Miles Otis Dow, Jr.

Supreme Court

On Appeal from
Superior Court, Windham Unit,
Civil Division

September Term, 2019


Michael R. Kainen, J.

Adele V. Pastor, Barnard, for Petitioner-Appellant.

David Tartter, Deputy State's Attorney, Montpelier, for Respondent-Appellee.


PRESENT: Reiber, C.J., Robinson, Eaton and Carroll, JJ., and Skoglund, J. (Ret.),
Specially Assigned


¶ 1.    **EATON, J.**    Petitioner, Miles Otis Dow, Jr., filed a motion for post-conviction relief (PCR) with the Windham Civil Division. The Defender General's Office reviewed the petition and determined that petitioner's claims lacked merit, pursuant to 13 V.S.A. § 5233(a)(3). Petitioner amended the PCR petition, adding arguments that had not been reviewed by the Defender General's Office, and proceeded without assigned counsel.[1] The State filed a motion for summary judgment, which the PCR court granted.[2] Petitioner appeals the PCR court's dismissal to this Court, arguing that the PCR court erred in granting the State's motion for summary

---

[1] The PCR court denied petitioner's motion for reassignment of counsel in March 2018.

[2] We refer to the "trial court," which conducted the trial proceedings leading to petitioner's conviction and sentencing, and the "PCR court," which conducted the PCR proceedings at issue here, throughout this opinion.

judgment because it failed to properly address the claims petitioner raised in his amended petition. We reverse and remand for the PCR court to conduct proceedings consistent with this opinion.

¶ 2. Petitioner was convicted of aggravated assault stemming from events that occurred in March 2014, and he is currently serving his sentence for that conviction.[3] In March 2017, petitioner filed his initial PCR petition. In his initial petition, petitioner alleged violations of his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. He asked that the PCR court vacate and set aside the trial court judgment against him or, in the alternative, grant a new trial or correct the sentence. Upon receiving the initial PCR petition, assigned counsel reviewed it and declined assignment of the case pursuant to 12 V.S.A. § 5233(a)(3), indicating that "further representation of [petitioner] would require an attorney to advance frivolous claims." Petitioner filed an amended PCR petition in January 2018, which is the petition at issue on appeal. The amended petition sought relief based on several grounds. Most notably, petitioner added new claims of ineffective assistance of counsel because petitioner's attorney allegedly: (1) failed to object to the trial court's grant of the State's motion for a mistrial, thereby failing to preserve the issue for appeal to this Court; and (2) failed to reasonably and effectively prepare for sentencing by failing to investigate petitioner's background and mitigating evidence regarding petitioner's mental health or his education, employment, family, financial, and health records.[4]

¶ 3. In January 2018, the PCR court issued an entry order acknowledging the amended petition, which "provide[d] additional elaboration" for the claims in the initial petition, and stated

---

[3] A summary of the events leading to petitioner's aggravated assault conviction and the underlying procedural history can be found in this Court's decision in State v. Dow, 2016 VT 91, ¶¶ 1-6, 202 Vt. 616, 152 A.3d 437.

[4] The claims relevant to this appeal are located in paragraphs 9 through 13 of the amended PCR petition. In the amended petition, petitioner also claimed that the trial court should not have continued trial proceedings once five of the seven charges against him were subject to a successful mistrial motion. The PCR court granted summary judgment to the State as to these claims, raised in paragraphs 7 and 8 of the amended petition. Petitioner does not appeal the PCR court's summary judgment determination regarding those claims on appeal.

2

that petitioner would be treated as pro se unless he hired counsel because the Defender General's Office had already found the claims raised in the initial petition to be meritless. In February 2018, petitioner filed a motion for reassignment of counsel. His request for counsel was denied by order in March 2018 "for the same reasons as stated" in the January entry order. Thus, although the amended petition contained different arguments than the initial petition, the amended petition was not reviewed by the Defender General's Office to determine whether the claims were meritorious, and petitioner proceeded pro se.

¶ 4. In January 2018, the PCR court ordered petitioner to disclose any expert witnesses. In March 2018, after the PCR court extended the deadline for such disclosures, petitioner filed a witness list with the PCR court. The State filed a motion for summary judgment in late March, and petitioner filed a motion in opposition. In petitioner's opposition motion, he indicated that he had received a list of possible expert witnesses from the Prisoners' Rights Office, had sent letters of request to six of the seven listed experts, and was awaiting their responses.

¶ 5. The PCR court granted the State's motion for summary judgment in June 2018, concluding that the State was entitled to judgment as a matter of law largely because, except in rare circumstances, an expert is necessary to make a meritorious ineffective-assistance-of-counsel claim, and petitioner did not meet this burden. In granting the State's motion, the PCR court noted that petitioner's opposition motion "does not really address the State's motion [for summary judgment], but instead asks for more time to get an expert." On appeal, petitioner asserts that the PCR court erred in granting the State's motion for summary judgment and requests that this Court remand to the PCR court to address the issues raised in petitioner's amended PCR. The State argues that the court correctly granted summary judgment to the State because petitioner failed to present expert testimony to support his ineffective-assistance-of-counsel claim during the PCR proceedings and because petitioner was not entitled to a second merits review by counsel after amending his PCR petition. Upon this Court's request, the Defender General's Office submitted

3

an amicus brief advocating that this Court reverse and remand the matter to the PCR court because petitioner's amended petition should have been reviewed to determine whether the amended claims had merit pursuant to 13 V.S.A. § 5233(a)(3).

¶ 6.    Generally, when reviewing a grant of summary judgment in a PCR proceeding, "this Court applies the same standard as the trial court, viewing the facts in the light most favorable to the nonmoving party." In re Hemingway, 2014 VT 42, ¶ 7, 196 Vt. 384, 97 A.3d 896. "Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Id.; V.R.C.P. 56(a). However, our review on appeal in this case focuses on the PCR court's procedural determination not to reassign counsel to assess the merits of petitioner's amended PCR petition, rather than the merits of the PCR court's summary judgment decision. In In re Bailey, we recognized that this Court "generally enjoys procedural discretion in considering motions to withdraw," and we explained that the PCR court may exercise its discretion regarding whether to reassign counsel to conduct additional review of a PCR petition. 2009 VT 122, ¶¶ 7, 14, 187 Vt. 176, 992 A.2d 276. We review the PCR court's procedural determinations in such instances for abuse of that discretion. See, e.g., In re Burke, 2019 VT 28, ¶ 46, __Vt. __, 212 A.3d 189 (finding PCR court did not abuse its discretion in denying petitioner's motion to amend petition).

¶ 7.    The preliminary issue in this case is whether the PCR court complied with the Public Defender Act (PDA) when it allowed petitioner to proceed pro se with his amended PCR petition, which raised arguments that had not been reviewed by counsel as required by 13 V.S.A. § 5233(a)(3). We first review the statutory scheme underlying this matter—the PDA. We have explained that "[r]ather than being grounded in the constitution, [a PCR] petitioner's right to counsel is created, defined, and limited by statute." Bailey, 2009 VT 122, ¶ 10. The PDA governs the " 'extent of [legal] services' due to indigent PCR litigants, and it expressly conditions a petitioner's entitlement to representation on counsel's assessment of the merit of the legal action."

4

Id. ¶ 8 (quoting 13 V.S.A. § 5233(a)(3)).  Section 5201 of the PDA defines an indigent or "needy person" as "a person who at the time his or her need is determined is financially unable, without undue hardship, to provide for the full payment of an attorney and all other necessary expenses of representation or who is otherwise unable to employ an attorney."  13 V.S.A. § 5201(3).  An individual who qualifies as a needy person has a right to government-funded representation.  Id. § 5231.  The extent of those services is outlined by § 5233.  Relevant to this appeal, a needy person is entitled:

> to be represented in any other postconviction proceeding which may have more than a minimal effect on the length or conditions of detention <u>where the attorney considers . . . the claims, defenses, and other legal contentions to be warranted by existing law or by a nonfrivolous argument</u> for the extension, modification, or reversal of existing law or the establishment of new law . . . .

Id. § 5233(a)(3)(A) (emphasis added).

¶ 8.    In sum, the plain language of § 5233 gives "counsel the exclusive authority to accept or decline each case," and "counsel must decide when state-funded legal representation is warranted in a post-conviction proceeding."  Bailey, 2009 VT 122, ¶ 11.[5]  To that end, the Defender General's Office has established an in-house process for determining whether a PCR petition has merit.  "The 'appointment' of counsel [is] accomplished by a ministerial referral to the Defender General's Office."  Id. ¶ 7.  Counsel determines whether he or she will represent a petitioner under § 5233(a)(3) "after an examination of the issues prompted by the pro forma referral."  Id.  In its

---

[5] "Before 2004, the PDA guaranteed an indigent litigant the right to representation in any post-conviction proceeding 'that . . . the needy person considers appropriate.' " Bailey, 2009 VT 122, ¶ 10 (quoting 13 V.S.A. § 5233(a)(3) (1998) (enacted 1971, No. 161 (Adj. Sess.), § 6)).  In 2004, the Legislature amended § 5233 to eliminate that language and specify that entitlement to representation in PCR proceedings attaches "<u>where the attorney considers</u> . . . [the] contentions to be warranted by existing law or by a nonfrivolous argument."  2003, No. 157 (Adj. Sess.), § 10 (emphasis added).  Following the Legislature's 2004 revision of § 5233, we construed the plain language of § 5233(a)(3) in Bailey and concluded that the plain language conferred authority upon counsel to determine when a petition had merit and state-funded legal representation is warranted.  See Bailey, 2009 VT 122, ¶¶ 8-12 (detailing history of PDA and petitioner's right to counsel pursuant to § 5233).

amicus brief, the Defender General's Office explains that the record and file are initially reviewed by a single attorney. If the attorney cannot find a meritorious claim, then the matter is forwarded to another attorney and the Defender General for review. The Defender General's Office will determine not to provide counsel only when all three attorneys agree that there is no merit to the claims raised in the petition. If the internal review process leads to a determination that the petition has no merit, the client is informed that the Office of the Defender General will move to withdraw from the case but the petitioner is free to proceed pro se. The Defender General sends a written explanation of the decision to the client, but not to the court, consistent with the attorney's duty of confidentiality to clients and prospective clients.

¶ 9.    We discussed the Defender General's internal review process, virtually identical to the process outlined above, in <u>Bailey</u>. 2019 VT 122, ¶¶ 5, 11-14. In doing so, we explained that, while lawyers are not infallible, this Court "presume[s] that an attorney acts diligently in assessing a petitioner's claims, and that, as an officer of the court, he or she is not misrepresenting the situation." <u>Id</u>. ¶¶ 13-14. Notably, regarding the Defender General's decision to withdraw, we stated:

> In the relatively few instances where the Defender withdraws, however, petitioners can continue with their litigation, albeit pro se, and may still prevail in the remedy sought if, in the court's view, the claim is ultimately established. <u>Moreover, if it appears to the trial court during pretrial proceedings that there may be substance and merit to a petition, the court may reappoint counsel to reevaluate the case accordingly</u>.

<u>Id</u>. ¶ 14 (emphasis added).

¶ 10.    Our holding in <u>Bailey</u> clearly confers responsibility upon the trial court during pre-trial proceedings to monitor whether there may be substance and merit to a PCR petition, even after counsel's review. If the court determines that a PCR petition that counsel previously deemed to be frivolous potentially has merit, then the court may refer the petition back to the Defender General's Office to reinitiate the internal review process. <u>Id</u>. Upon additional review, the

Defender General's Office is again authorized to determine whether the claims have merit and, if so, to assign counsel pursuant to 13 V.S.A. § 5233(a)(3).[6] If the Defender General's additional review demonstrates that the petition still lacks merit, then the petitioner may continue their litigation pro se. Bailey, 2009 VT 122, ¶ 14 (explaining court may reappoint counsel to reevaluate merits of PCR petition). Thus, an initial review by the Defender General's Office that determines a PCR petition is frivolous does not automatically preclude that petitioner from receiving additional merits review by counsel or subsequent assignment of counsel.

¶ 11. While there is no bright-line rule to guide courts when determining whether a PCR petition requires additional merits review, the PDA and our holding in Bailey demonstrate that the touchstone of this inquiry is whether and to what extent counsel has reviewed the legal arguments at issue. As explained above, § 5233 clearly mandates that an indigent defendant has the right to be represented by counsel in postconviction proceedings that may affect the length or conditions of his or her detention where an attorney considers the petitioner's claims to be meritorious. 13 V.S.A. § 5322(a)(3)(A). Implicit in that statutory guarantee, and central to our holding in Bailey, is that an attorney must decide when representation is warranted in PCR proceedings. 2009 VT 122, ¶ 11. Even after a merits determination has been conducted, Bailey places responsibility upon the PCR court to determine whether there may be substance and merit to a petition such that additional review by an attorney is required. In the face of the amended petition—and petitioner's motion for reassignment of counsel—there is no record that the PCR court met that obligation.

¶ 12. Here, the Defender General's Office conducted its internal review process and determined that the claims raised in petitioner's initial PCR petition were without merit and

---

[6] We note that Bailey authorizes the PCR court to "reappoint counsel to reevaluate" a petition that the court believes to be potentially meritorious; it does not authorize the court to circumvent the Defender General's Office's internal review process by assigning counsel and conducting the PCR proceedings without additional review. 2009 VT 122, ¶ 14. If it appears to the court that there may be substance and merit to a petition, then the petition may be reassigned to counsel to evaluate the merits of the petition and determine whether petitioner is entitled to counsel under § 5233. Id.

therefore petitioner was not entitled to counsel under 13 V.S.A. § 5233(a)(3). Petitioner then filed an amended version of his PCR petition with the PCR court pro se, which included additional arguments for vacating petitioner's conviction and sentence that were not raised or considered during the Defender General's earlier merit review. Although the PCR court noted that the amended petition elaborated on the legal claims raised in the initial petition, it denied petitioner's motion for reassignment of counsel because the Defender General's Office had already determined the initial petition was frivolous.

¶ 13. Notably, the record demonstrates that the ineffective-assistance-of-counsel claims raised in petitioner's amended petition are substantively different than the constitutional claims asserted in his initial petition, such that counsel's review of the initial petition could not have discerned whether the new claims presented for the first time in the amended petition had merit. Specifically, in his initial petition, petitioner generally asserted that there had been violations of his Sixth Amendment rights, including ineffective assistance of counsel and trial court error. He states:

> I told my lawyer I was going to [fire her] under my Sixth Amendment because she was not doing what I aske[ed] her to do with evidence that would help me. She [begged] me not to[,] she told me [she] would make my case go longer so I didn't fire her[.] The court err[ed] in not letting evidence in that would [help] me and let in evidence that should have not been let in.

¶ 14. In contrast, in his amended petition, petitioner substantially expands on these assertions by specifically alleging errors in his attorney's performance and linking these errors to his ineffective-assistance-of-counsel claims. He argues the following:

> [Petitioner] intends to show that the Trial Court, the State, and his Attorney of Record committed fundamental errors during pretrial, trial, and posttrial proceedings, and absent such errors there exists a reasonable likelihood that he would have received a more favorable outcome.
>
> The State subjected [petitioner] to trial by jury on seven charged criminal offenses. . . .

During the aforementioned trial by jury, the State requested a mistrial . . . . The Trial Court granted a mistrial on the five charged criminal offenses with respect to the alleged criminal conduct against [petitioner's] wife. The Trial Court determined that the trial by jury would proceed on the two charged criminal offenses with respect to the alleged criminal conduct against law enforcement. [Petitioner's] Attorney of Record failed to object to the aforementioned determination. Therefore, [petitioner's] Attorney of Record failed to properly preserve this issue for appeal to the Vermont Supreme Court. Had [petitioner's] Attorney of Record properly preserved this issue for appeal, there exists a reasonable likelihood that [the] Vermont Supreme Court would have determined that all seven charged criminal offenses should have been subject to mistrial and this would have resulted in dismissal with prejudice with respect to all seven criminal offenses.

¶ 15.    Additionally, petitioner contends that prior to the sentencing hearing, his attorney of record failed to: reasonably and effectively prepare for trial court proceedings; conduct a thorough investigation of his background, which includes history of mental health issues; investigate mitigating evidence with respect to his mental illnesses; hire an expert witness with respect to his mental health illnesses; interview and locate relevant character witnesses; or obtain his education, employment, family, financial, and health records. Petitioner argues that had defense counsel at trial taken the actions listed above, "there exists a reasonable likelihood [petitioner] would have received a more favorable outcome" than was ultimately imposed.

¶ 16.    In a case such as this—where the claims in an amended petition are substantively different from those in the initial petition—the claims in the amended petition are essentially raised for the first time before the PCR court. Without the benefit of counsel's review and in the face of a substantially amended complaint, the PCR court here, consistent with the PDA and Bailey, must exercise its discretion to determine whether a second merits review is warranted.[7]

_____

[7] This does not mean that every amended complaint necessarily triggers an additional merits review. Only where an amendment advances new claims or bases for relief not contained in the previously reviewed complaint, which the PCR court believes may be meritorious, should an additional review be ordered. For example, in this case, if petitioner had submitted an "amended" PCR petition that was identical or substantially similar to his initial petition, then there would be no need for counsel to revisit those claims to satisfy § 5233 because counsel would have

¶ 17. Here, the court failed to explain on the record why petitioner's claims did not warrant reassignment of counsel. The court neither addressed whether there may have been substance and merit to the new arguments raised in the amended petition nor explained why these new arguments did not warrant further review beyond merely stating that they had already received an initial review. Without such record of the court's reasoning, we cannot discern whether the PCR court properly exercised its discretion.

¶ 18. This gap in the record regarding the court's procedural determination in this case is particularly concerning because the court's decision—if improper—runs a high risk of injecting fundamental unfairness into the PCR proceedings. Contrary to § 5233, petitioner's additional arguments were never screened for merit by the Defender General's Office as required by § 5233 and he ultimately presented them pro se without the benefit of assigned counsel. The Legislature specifically crafted § 5233 to avoid this scenario and ensure that an attorney conducts a merits review for PCR claims brought before the court. Had the Defender General's Office reviewed the claims in the amended petition, it would have determined whether petitioner's additional claims were meritorious and whether petitioner was entitled to representation, as required under § 5233(a)(3). Based on the record before us, we cannot conclude that counsel would not have found petitioner's claim to be meritorious or that representation by counsel would not have resulted in a more favorable outcome for petitioner. In sum, the lack of review by counsel potentially affected the summary judgment proceedings. Thus, even though petitioner in this matter appeals the PCR court's summary judgment determination, the lack of a complete record regarding the court's decision not to grant a second review for the amended petition results in a procedural failing that—in the interest of fairness and due process—requires us to vacate the PCR court's grant of summary judgment in favor of the State and remand for the court to remedy the record.

already had the opportunity to review the substance of those claims and reach a merits determination.

10

¶ 19. Accordingly, we reverse the court's grant of summary judgment to the State and remand for the court to determine whether or not petitioner's amended petition raises claims that may have substance and merit such that additional review by the Defender General's Office is required under § 5233. If the Defender General's Office determines the claims in the amended petition are meritorious, then counsel shall be assigned for petitioner and the court shall conduct a hearing. 13 V.S.A. § 5233(a)(3)(A). If the court determines the legal claims do not have potential substance or merit such that additional review by counsel is necessary, or if the Defender General's Office determines the claims are frivolous and petitioner is not entitled to counsel, then petitioner may withdraw the petition or proceed pro se before the court.[8] If petitioner proceeds pro se, the court should assure that he has a reasonable opportunity to attempt to secure private counsel and expert support for his claims.

Reversed and remanded for the PCR court to conduct proceedings consistent with this opinion.

FOR THE COURT:

_____

Associate Justice

---

[8] Because this matter is reversed and remanded for the court to evaluate whether the claims raised in the amended petition require additional merits review by counsel, we do not address the claims raised by the State or petitioner regarding the PCR court proceedings or the court's grant of summary judgment to the State, which we vacate in this opinion. If the court conducts additional PCR proceedings pursuant to this Court's mandate here, then the parties will have the opportunity to relitigate the matter and, if necessary, appeal the court's subsequent PCR determination to the Court.